UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ALAN RAYMOND SCHOLEFIELD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 8-391-B-W |
| | ) |
| RIVERVIEW PHYCIATRIC CENTER, et al., | ) |
| | ) |
| Defendants | ) |

**RECOMMENDED DECISION ON
DEFENDANT CASTELLANOS'S MOTION TO DISMISS
(DOC. NO. 23)**

Alan Scholefield has filed a complaint listing Riverview Psychiatric Hospital, Doctor Castellanos, and Doctor Sena as defendants.[1] The allegations of Scholefield's complaint pertain to a 2008 forensic evaluation conducted at Riverview.  Doctor Castellanos has filed a motion to dismiss. (Doc. No. 23.)  Scholefield has not responded to this dispositive motion.

Pursuant to Federal Rules of Civil Procedure 12(b)(6), a claim or complaint may be dismissed if it fails to state a claim upon which relief can be granted.  When reviewing a motion to dismiss, the Court must determine whether the complaint asserts sufficient facts to support "a plausible entitlement to relief." Bell Atl. Corp. v. Twombly, 550 U.S. 544, __,127 S.Ct. 1955, 1974 (2007).  Detailed factual allegations are not essential, so long as the allegations give fair notice to the defendants what they are being sued for and the factual basis for each claim. Thomas v. Rhode Island, 542 F.3d 944, 948 (1st Cir. 2008).

In his complaint, Scholefield alleges:

I was admitted to Riverview Phyciatric [sic] Center in February of 2008. I reported rectal bleeding to Dr. Sena.  From 2/08/08 until 2/22/08 I resided at the center for evaluations.  I constantly complained of bleeding and pain in my stomach and rectal area during my stay.  I was told by Dr. Stena I would be tested

---

[1] This is not Scholefield's only action in this court.  See Civ. .No. 09 -03-B-W.

for possible cancer and no such tests were instituted. The pain and bleeding
continued to worsen.  Until this day I still have bleeding and continuous pain.

(Compl. at 3.)  Scholefield seeks $50,000 in damages and medical treatment.   In an amendment

to his compliant Scholefield targets Doctor Castellanos and reiterates his contention that the

defendants were guilty of medical malpractice in ignoring his symptoms.

In the face of Scholefield's failure to respond to this motion, dismissal of the complaint as

against Castellanos is warranted. See NEPSK, Inc. v. Town of Houlton, 283 F.3d 1, 7 (1st Cir.

2002).  Castellanos's motion argues that there is no diversity jurisdiction in this medical

malpractice matter and, in the alternative, Scholefield has failed to comply with the notice

requirements of the Maine Tort Claims Act and Maine Health Security Act.  Scholefield has

expressly pled a medical negligence claim. See Daniels v. Williams, 474 U.S. 327 (1986); Ruiz-

Rosa v. Rullán, 485 F.3d 150, 156 (1 Cir. 2007).  While I do not rule out the possibility that a

Riverview patient could not maintain a constitutional claim apropos his or her treatment or lack

thereof, see cf. Davis v. Rennie, 264 F. 3d 86 (1st Cir. 2001), Scholefield has not pled such a

cause of action and he has not presented this court with any basis for denying the motion dismiss.

I recommend that the Court grant the motion to dismiss.

## NOTICE

A party may file objections to those specified portions of a magistrate
judge's report or proposed findings or recommended decisions entered pursuant to
28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought,
together with a supporting memorandum, within ten (10) days of being served
with a copy thereof.  A responsive memorandum shall be filed without ten (10)
days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de
novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

March 10, 2009.

2