UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ALAN RAYMOND SCHOLEFIELD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 8-391-B-W |
| | ) |
| RIVERVIEW PHYCIATRIC CENTER, et al., | ) |
| | ) |
| Defendants | ) |

**RECOMMENDED DECISION ON
DEFENDANT SENA'S MOTION TO DISMISS
(DOC. NO. 27)**

Alan Scholefield has filed a complaint listing Riverview Psychiatric Hospital, Doctor Castellanos, and Doctor Sena as defendants.[1] The allegations of Scholefield's complaint pertain to a 2008 forensic evaluation conducted at Riverview. Doctor Castellanos has filed a motion to dismiss and a recommended decision on the motion is still pending. A motion to dismiss by Doctor Sena has now been referred to me.

*Discussion*

In his complaint, Scholefield alleges:

> I was admitted to Riverview Phyciatric [sic] Center in February of 2008. I reported rectal bleeding to Dr. Sena. From 2/08/08 until 2/22/08 I resided at the center for evaluations. I constantly complained of bleeding and pain in my stomach and rectal area during my stay. I was told by Dr. Stena I would be tested for possible cancer and no such tests were instituted. The pain and bleeding continued to worsen. Until this day I still have bleeding and continuous pain.

(Compl. at 3.) Scholefield seeks $50,000 in damages and medical treatment. In an amendment to his compliant Scholefield targets Doctor Castellanos and reiterates his contention that the defendants were guilty of medical malpractice in ignoring his symptoms. In my recommendation on Doctor Castellanos's motion to dismiss I recommend that the Court grant

---

[1] This is not Scholefield's only action in this court. See Civ. No. 09-03-B-W.

the motion because Scholefield had only pled medical malpractice and he did not attempt to demonstrate that he complied with the notice requirements of the Maine Tort Claims Act and Maine Health Security Act. (Report & Rec. Dec. at 2, Doc. No. 28.) I did observe:

> While I do not rule out the possibility that a Riverview patient could not maintain a constitutional claim apropos his or her treatment or lack thereof, see cf. Davis v. Rennie, 264 F. 3d 86 (1st Cir. 2001), Scholefield has not pled such a cause of action and he has not presented this court with any basis for denying the motion dismiss.

(Id.)

In his pleading responding to Doctor Sena's motion to dismiss Scholefield explains:

> This is Alan Scholefield and Cumberland Legal Aid Clinic was here to see me today and they explained to me that they don't go to the Court for me but they help me with all my paper work. Tort claim notice is not necessary for a 1983 or other unconstitutional declaration of my civil rights and while I may not have been cleared in the way I drafted my original complaint. I would like the Court to consider this argument. Thank you.

(Doc. No. 38.) I take this as a concession that Scholefield has failed to comply with the notice requirements of the Maine Tort Claims Act and Maine Health Security Act for purposes of a medical malpractice claim against Doctor Sena.

However, even if I were to treat this letter as a motion to amend and grant Scholefield leave to amend even after these two dispositive motions have been filed, his complaint as amended could not withstand this motion to dismiss. Pursuant to Federal Rules of Civil Procedure 12(b)(6), a claim or complaint may be dismissed if it fails to state a claim upon which relief can be granted. In Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937 (2009) the United States Supreme Court summarized: "Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" 129 S. Ct. at 1949. It reiterated, "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-

2

harmed-me accusation." Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544 , 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557).

> Under Iqbal to survive a motion to dismiss for failure to state a 42 U.S.C. § 1983 claim,
>
> a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Twombly, 440 U.S.] at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id., at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Ibid. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " Id., at 557 (brackets omitted).

129 S.Ct. at 1949.  The Iqbal majority expanded:  "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged- but it has not 'show[n]'-'that the pleader is entitled to relief.' Fed. Rule Civ. Proc. 8(a)(2)." Id. at 50.

Scholefield has expressly pled a medical negligence claim. Adding a conclusory assertion of a constitutional violation "will not do." Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555). Yet, I will take it one step further given Scholefield's pro se status. In Hasenfus v. LaJeunesse the First Circuit noted "a set of unique rules has developed" apropos "incarcerated prisoners or involuntarily committed mental patients" in cases alleging a failure to intervene to prevent harm by a private actor. 175 F.3d 68, 71 (1st Cir. 1999) (citing Estelle v. Gamble, 429 U.S. 97 (1976) and Youngberg v. Romeo, 457 U.S. 307 (1982).)  It opined:

3

> In such cases, failures to act- e.g., to provide medical care or to stop one inmate from assaulting another-may comprise a due process or other constitutional violation because the state-imposed circumstance of confinement prevents such individuals from helping themselves. Liability then arises under section 1983 if the plaintiff shows that the inaction was malicious or reflected the official's "deliberate indifference" to the welfare of the prisoner or inmate. Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Id. (footnote omitted).[2] Davis, 264 F.3d at 101 ("In Hasenfus, we …. discussed in passing the rights of involuntarily committed mental patients and prisoners when their caretakers fail to act, stating descriptively that liability 'arises under section 1983 if the plaintiff shows that the inaction was malicious or reflected the official's 'deliberate indifference,' to the welfare of the prisoner or inmate.' Id. at 71 (citing Farmer v. Brennan, 511 U.S. 825, 837 (1994).").

Reflecting on the Twombly Sherman Act claim, the Iqbal majority summarized: "Because the well-pleaded fact of parallel conduct, accepted as true, did not plausibly suggest an unlawful agreement, the [Twombly] Court held the plaintiffs' complaint must be dismissed." Id. (citing Twombly, 550 U.S. at 570). In my view the dividing line between the provision of medical care to someone in state custody that may be negligent or the basis for a malpractice claim but entirely Constitutional and medical care that displays an inaction so as to amount to "deliberate indifference" is not so dissimilar to Twombly's Rule 8 demarcation between conduct that was "explained by, lawful, unchoreographed free-market behavior" and conduct representing "an illicit accord" in violation of § 1 of the Sherman Act. See Iqbal 129 S.Ct. at 1950. Scholefield's complaint is pled as a medical malpractice claim and he does not have facts in his complaint that "nudge[] [his] claims" of constitutionally inadequate medical care "across the line from conceivable to plausible." Id. at 1951 (quoting Twombly, 550 U.S. at 570).

---

[2]   The Panel noted: "In the case of convicted prisoners, the Eighth Amendment is usually the constitutional provision referred to by the courts; but the substance of the protection is the same. See City of Revere v. Massachusetts Gen. Hosp., 463 U.S. 239, 243-45 (1983)." Id. at 71 n.1.

*Conclusion*

For the reasons above I recommend that the Court grant the motion to dismiss.

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof.  A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

June 5, 2009.